FILED

2013 MAY 28  PM 4: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REO BAY AREA LP, <br><br> Plaintiff, <br><br> vs. <br><br> PATRICIA HURD et al., <br><br> Defendants. | Case No. CV 13-3499-UA-DUTYx <br><br> ORDER SUMMARILY REMANDING <br> IMPROPERLY REMOVED ACTION |

The Court hereby summarily remands this unlawful-detainer action to state court because Carl Roberts, allegedly a party to this lawsuit, removed it improperly.

On May 16, 2013, Roberts, purporting to have been sued in a routine unlawful-detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter under separate cover because the action was not properly removed. The Court also issues this separate order remanding the action to state court to prevent it from remaining in jurisdictional limbo.

At the outset, the Court notes that Roberts appears not to be a named defendant in the unlawful-detainer action, though his address does match the address of the subject property. (See Compl. at 1–2.) Thus, it is not at all clear that Roberts has standing to remove this action. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]"); see also Anaya v. QuickTrim, LLC, No. CV 12-1967-CAS(DTBx), 2012 WL 6590825, at *3 (C.D. Cal. Dec. 17, 2012) ("It is axiomatic that only a defendant may remove an action from state to federal court."). To the extent Roberts is not a party, the Court lacks subject matter jurisdiction to entertain this lawsuit. See Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1107 n.4 (9th Cir. 2006) ("[S]tanding is an aspect of subject matter jurisdiction[.]"); Tanha v. Macy's Inc., No. 12-6471 SC, 2013 WL 1365953 (N.D. Cal. Apr. 03, 2013) (remanding case to state court for lack of subject matter jurisdiction when party seeking removal "is not a party to this action and has no standing to remove Plaintiff's case under the removal statutes").

In any event, remand is necessary because Plaintiff could not have brought this action in federal court in the first place, and Roberts does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, Roberts's removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 2623, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the

2

1  diversity-jurisdiction threshold of $75,000.  See 28 U.S.C.

2  §§ 1332, 1441(b).  On the contrary, the unlawful-detainer

3  Complaint clearly recites that the amount in controversy is

4  "[l]ess than $10,000.00."  (Compl. at 1.)  Plaintiff's unlawful-

5  detainer action also fails to raise any federal legal question.

6  See 28 U.S.C. §§ 1331, 1441(b).

7       Accordingly, IT IS ORDERED that (1) this matter be REMANDED

8  to the Superior Court, Los Angeles County, 1725 Main Street,

9  Santa Monica, California, 90401, for lack of subject matter

10  jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send

11  a certified copy of this Order to the state court; and (3) the

12  Clerk serve copies of it on the parties.

13

14  DATED:  5/22/13

15                                GEORGE H. KING
                                 CHIEF U.S. DISTRICT JUDGE

16  Presented by:

17

18  Jean Rosenbluth
    U.S. Magistrate Judge

19

20

21

22

23

24

25

26

27

28

                                 3